IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ANDREW W. BREINER, et al., | ) | |
| Plaintiffs, | ) | |
| v. | ) | Case No. 07-249C |
| | ) | (Judge Susan G. Braden) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR A PROTECTIVE ORDER SUSPENDING DISCOVERY PENDING RESOLUTION OF DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**

Plaintiffs submit that defendant is mistaken in its view that plaintiffs are not entitled to conduct discovery herein at this time in support of their claims that they are entitled to be compensated under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), for time spent driving government vehicles between home and work assignments on work days. A summary of the bases for plaintiffs' contention follows:

1. Defendant's Opposition has been rendered moot by the decisions in other cases pending in this Court ordering defendant to produce documents in all material respects identical to those sought herein;

2. Plaintiffs' discovery will demonstrate that the facts involved herein differ significantly and materially from those presented in the Adams case;

3. Two recent Supreme Court decisions, Long Island Care At Home, Ltd. v. Coke, 127 S. Ct. 2339 (2007), ("Coke"), and IBP, Inc. v. Alvarez, 546 U.S. 21 (2005), ("Alvarez"), have changed materially the law applicable to determinations of compensable time worked under FLSA, including plaintiffs' home/work driving;

4. The "Law of the Case" doctrine is inapplicable herein;

5. Stare Decisis does not apply.

Support for the foregoing propositions follows.

## 1. DEFENDANT'S MOTION FOR A PROTECTIVE ORDER SUSPENDING DISCOVERY PENDING RESOLUTION OF DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS IS RENDERED MOOT BY DISCOVERY ORDERS ISSUED IN OTHER CASES PENDING IN THIS COURT.

There are presently a number of cases pending before other Judges of this Court in which plaintiffs employed by the Drug Enforcement Administration ("DEA"), as Diversion Investigators ("DIs"), seek to recover under FLSA for, inter alia, time spent driving on work days between home and work assignments in Government vehicles. The claims of such DI plaintiffs are in all material respects identical to the claims of the plaintiffs herein. Further, in those cases the plaintiffs served defendant with requests for the production of documents which are in all material respects identical to plaintiffs' production requests herein. See Declaration of Jules Bernstein attached hereto. (Hereinafter "Bernstein Decl.")

In one such case involving DIs, Zoraida Gonzalez, et al., v. United States, No. 07-790C, ("Gonzalez"), the Honorable Emily C. Hewitt, Judge of the Court, issued an order on March 28, 2008, a copy of which is attached to the Bernstein Declaration as Exhibit 1, which provides as follows:

> On or before Thursday, May 8, 2008, defendant shall provide plaintiff with all documents responsive to plaintiffs' requests for production of documents served on defendant on Tuesday, March 25, 2008.

Similarly, in two cases involving DIs respectively styled Kerry R. Hamilton v. United States, No. 06-680C, ("Hamilton"), and Linda A. Stocum v. United States, No. 07-003C, ("Stocum"), on

April 14, 2008 the Honorable Margaret M. Sweeney, Judge of this Court, issued identical orders which provide in material respects as follows: "The court determines that plaintiff is entitled to engage in discovery in order to fully present the merits of her case. . . ." See April 14, 2008 Orders in Hamilton and Stocum, pp. 2, copies of which are attached as Bernstein Decl. Exhibits 2 and 3.

Further, in Joint Status Reports filed by the parties on April 25, 2008, in Hamilton and Stocum, the parties declared:

> Counsel for defendant has advised counsel for plaintiff that the documents requested by plaintiff in [their] First Request for Production of Documents will be produced on May 15, 2008.

Copies of the foregoing Joint Status Reports in Hamilton and Stocum are attached as Bernstein Decl. Exhibits 4 and 5.

Plaintiffs submit that the production requests in Gonzalez, Hamilton and Stocum are in all material respects identical to the production requests herein. See Bernstein Decl. In light of these circumstances, plaintiffs believe that defendant's Opposition herein is moot since the documents presently sought in this case will have been produced by defendant in Gonzalez, Hamilton and Stocum respectively on May 8 and 15, 2008.

**2. PLAINTIFFS' DISCOVERY WILL DEMONSTRATE THAT UNDER OPM'S FLSA REGULATIONS PLAINTIFFS ARE ENTITLED TO BE PAID FOR HOME/WORK DRIVING OF THEIR GOVERNMENT VEHICLES.**

Plaintiff believes that with the aid of discovery they will be able to prove that their driving between home and work in Government vehicles is compensable under FLSA. Hence, 5 C.F.R. § 551.401 of the long-standing FLSA Regulations of the Office of Personnel Management ("OPM" hereinafter), defining "Hours of Work" for FLSA purposes declares in relevant part as follows:

> **§ 551.401 Basic principles.**

> (a) All time spent by an employee performing an activity for the benefit of an agency and under the control or direction of the agency is "hours of work." Such time includes:
>
> (1) Time during which an employee is required to be on duty;
>
> (2) Time during which an employee is suffered or permitted to work; and
>
> (3) Waiting time or idle time which is under the control of an agency and which is for the benefit of any agency.

(5 C.F.R. § 551.401).

First, under § 551.401(a)(1), plaintiffs believe that discovery will establish that they have been "on duty" while driving their government vehicles between home and work; and alternatively that under § 551.401(a)(2) they are being "suffered or permitted" to work while driving. See Doe v. United States, 372 F.2d 1347, 1360-61 & nn.6-7 (Fed. Cir. 2004). And, even if plaintiffs' driving were viewed as merely constituting "waiting time or idle time," it is FLSA compensable since it is under their agency's control and for its benefit.

Further, OPM's regulations at 5 C.F.R. § 551.422, declare that "[t]ime spent traveling shall be considered hours of work if . . . (2) [a]n employee is required to drive a vehicle or perform other work while traveling." (Emphasis added). Thus, such required driving expressly is declared by OPM to be FLSA compensable "hours of work."

Plaintiffs submit that with the aid of discovery they will be able to establish that under the foregoing OPM regulations they qualify for FLSA compensation for their home/work driving.

The documents that plaintiffs seek from DEA in the foregoing regard are as follows:

## III. DOCUMENTS REQUESTED

> 1. All agency documents relating to, reflecting and/or indicating the methods, purposes, rules, regulations, instructions,

> and/or methodologies whereby Diversion Investigators ("DIs") employed by defendant, including plaintiff, have been authorized or directed to drive, and have driven, between home and/or domicile and work sites and are provided with government owned or leased vehicles ("vehicles") for doing so.
>
> 2. All agency documents relating to the equipment DIs employed by the agency, including plaintiff, are permitted, required and/or do transport in the vehicles described in paragraph 1 above.
>
> 3. All agency documents relating to the use or the misuse of government owned or leased vehicles by DIs employed by the agency, including plaintiff.
>
> 4. All agency documents relating to the handling, transporting, storage and/or training for use, or use, of vehicles by DIs employed by the agency, including plaintiff.
>
> 5. All agency documents relating to the Federal income tax treatment of the value of transportation between home or domicile and work sites in agency vehicles by DIs employed by the agency, including plaintiff.
>
> 6. All agency documents relating to accidents occurring in connection with the use of agency vehicles by DIs employed by the agency, including plaintiff.

See plaintiffs' discovery request served herein on April 3, 2008, which is attached to Defendant's Motion.

Plaintiffs submit that they are entitled to the foregoing documents so that they will be able to support their home/work driving claims.

**3. THE LAW APPLICABLE TO DETERMINATIONS OF "TIME WORKED" UNDER FLSA HAS CHANGED DRAMATICALLY SINCE ADAMS.**

Defendant's suggestion that the decision of the Federal Circuit's panel in Adams requires immediate dismissal of plaintiffs' home/work driving claims in this case is mistaken for several reasons.

In Adams a panel of the Federal Circuit held that occupational code 1811 GS-12 Federal criminal investigators who were issued government vehicles by defendant and were required by defendant to drive these vehicles between home and work each day so they might be able to respond to emergencies at any time were not entitled to be compensated under FLSA for such driving.

In so holding, the panel concluded that to entitle the plaintiffs to FLSA compensation "merely commuting in a government-owned vehicle is insufficient, the plaintiffs must perform additional legally cognizable work while driving to their workplace in order to compel compensation for the time spent driving." 471 F.3d at 1321. The panel further declared that "[t]he question in this appeal is whether the requirements and restrictions placed on plaintiffs' commutes rise to that level." Id.

Plaintiffs submit that whatever may be said regarding the panel's conclusion in Adams that the home/work driving involved there was not FLSA compensable, Adams has been severely undercut if not overruled by the Supreme Court's decisions in Long Island Care At Home, Ltd. v. Coke, 127 S. Ct. 2339 (2007), ("Coke"), and IBP, Inc. v. Alvarez, 546 U.S. 21 (2005), ("Alvarez").

In Coke, the Supreme Court ruled that the Second Circuit's conclusion that home healthcare workers were covered by FLSA was contrary to the United States Department of Labor's ("DOL") position set forth in its regulations declaring that home healthcare workers were not covered by FLSA. The Supreme Court held that courts are obligated to defer to regulations and interpretations

of agencies entrusted to administer statutes and formulate policy and make rules "to fill any gap left, implicitly or explicitly, by Congress," citing Chevron U.S.A. Inc. v. NRDC, 467 U.S. 837, 843 (1984).

As stated by the Supreme Court in Coke:

> When an agency fills such a "gap" reasonably, and in accordance with other applicable (e.g., procedural) requirements, the courts accept the result as legally binding. 467 U.S., at 843-844, 104 S. Ct. 2778, 81 L. Ed. 2d 694; United States v. Mead Corp., 533 U.S. 218, 227, 121 S. Ct. 2164, 150 L. Ed. 2d 292 (2001).

In reaching its conclusion that DOL's regulations and interpretations declare as FLSA exempt home healthcare workers employed by parties other than the individual recipients of their services, the Court stated:

> [T]he ultimate question is whether Congress would have intended, and expected, courts to treat an agency's rule, regulation, application of a statute, or other agency action as within, or outside, its delegation to the agency of "gap-filling" authority. Where an agency rule sets forth important individual rights and duties, where the agency focuses fully and directly upon the issue, where the agency uses full notice-and-comment procedures to promulgate a rule, where the resulting rule falls within the statutory grant of authority, and where the rule itself is reasonable, then a court ordinarily assumes that Congress intended it to defer to the agency's determination. See Mead, supra, at 229-233, 121 S. Ct. 2164, 150 L. Ed. 2d 292. [Coke at 2350-51].

In the instant case, OPM's regulations referred to above were adopted after notice and comment on December 30, 1980, 45 F.R. 85659, and became effective on January 29, 1981.

On this basis plaintiffs submit that just as was the case in Coke, this Court is obligated to defer to OPM's regulations and they will require it to declare plaintiffs' home/work driving compensable under FLSA. As to the Federal Circuit's decision in Adams, it stands on the same footing as the Second Circuit's two decisions in Coke, in which those decisions were reversed and

repudiated by the Supreme Court for their failure to defer to the regulations and interpretations of DOL. In this case the agency charged with administering the FLSA in the federal sector is OPM, see 29 U.S.C. § 204(f),[1/] and its regulations clearly support plaintiffs' position.[2/]

Similarly, in Alvarez, the Supreme Court held that under DOL's "continuous workday" doctrine, all work performed by employees from the commencement of their workday to its conclusion is FLSA compensable. Alvarez at 37. Plaintiffs submit that they will establish through discovery that when they enter their government vehicles at the beginning of their workday, they are "on duty" and commence working, and that all time spent thereafter driving to and from their assigned work locations, and home thereafter, constitutes time worked for FLSA purposes. Thus under Alvarez, plaintiffs' home/work driving will be shown by plaintiff to be FLSA compensable as well.

A highly instructive decision on the issues presented in this case was rendered by the Second Circuit on April 29, 2008, in Singh, et al., v. City of New York, 2008 U.S. App. Lexis 9228, ("Singh"), relating to compensation under FLSA for time spent by employees commuting between home and work. In Singh the plaintiffs were New York City fire alarm inspectors who were "required by their employer to carry and keep safe necessary inspection documents during their commutes." The plaintiffs carried their work related documents in briefcases. They commuted to their assigned work locations by subway and bus.

---

[1/] "Notwithstanding any other provision of this chapter, or any other law, the Director of the Office of Personnel Management is authorized to administer the provisions of this chapter with respect to any individual employed by the United States. . ."

[2/] In Adams the Federal Circuit's panel did not defer to, nor even consider, the provisions of OPM's regulations relating to time worked referred to above.

The Court defined the ultimate issue in the case as being whether the time involved "'is spent predominantly for the employer's benefit or for the employee's [which] is a question dependent upon all the circumstances of the case,'" quoting Armour & Co. v. Wantock, 323 U.S. 126, 133 (1944).

In reaching the conclusion that plaintiffs' commuting time was not compensable, the Court declared:

> Carrying a briefcase during a commute presents only a minimal burden on the inspectors, permitting them freely to use their commuting time as they otherwise would have without the briefcase. Whether it be reading, listening to music, eating, running errands, or whatever else the plaintiffs choose to do, their use of the commuting time is materially unaltered. While the City certainly benefits from the plaintiffs' carrying these materials, it cannot be said that the City is the predominant beneficiary of this time.

Plaintiffs submit that the foregoing analysis distinguishes the instant case from Singh, and it places the plaintiffs' home/work driving in the category of FLSA compensable work. Here discovery will demonstrate that the plaintiffs' commutes are completely restricted by defendant so that personal activities that might benefit the plaintiffs are expressly prohibited and that engaging in such personal activities are expressly prohibited under federal law. See 31 U.S.C. § 1349.

**4. THE "LAW OF THE CASE" DOCTRINE IS INAPPLICABLE HEREIN.**

The governing law in this Circuit regarding the "law of the case" doctrine, was set forth in Intergraph Corporation v. Intel Corporation, 253 F.3d 695, 697-8 (Fed. Cir. 2001), as follows:

> The doctrine of law of the case generally bars retrial of issues that were previously resolved. See, e.g., Messenger v. Anderson, 225 U.S. 436, 444, 56 L. Ed. 1152, 32 S. Ct. 739 (1912) (law of the case doctrine "expresses the practice of courts generally to refuse to reopen what has been decided"); Delong Equipment Co. v. Washington Mills Electro Minerals Corp., 990 F.2d 1186, 1196 (11th Cir. 1993) ("the general rule is that 'an appellate court's decision of

> issues must be followed in all subsequent trial or intermediate appellate proceedings in the same case' except when there are 'the most cogent of reasons'"); Royal Insurance Co. v. Quinn-L Capital Corp., 3 F.3d 877, 881 (5th Cir. 1993) (applying law of the case principles to appeal of the grant of a preliminary injunction, "As to decisions of law, the interlocutory appeal will establish law of the case."); United States v. White, 846 F.2d 678, 684 (11th Cir. 1988) (the doctrine of law of the case encompasses not only matters decided explicitly in earlier proceedings, but also matters decided by necessary implication); Terrell v. Household Goods Carriers' Bureau, 494 F.2d 16, 19-20 (5th Cir. 1974) (district court on remand should generally follow the appellate court's decision).
>
> Reasons that may warrant departure from the law of the case, thus providing an exception to the more rigorous requirements of res judicata, include the discovery of new and different material evidence that was not presented in the prior action, or an intervening change of controlling legal authority, or when the prior decision is clearly incorrect and its preservation would work a manifest injustice. See, e.g., Smith International Inc. v. Hughes Tool Co., 759 F.2d 1572, 1576, 225 U.S.P.Q. (BNA) 889, 891 (Fed. Cir. 1985).

Plaintiffs submit that based upon the circumstances presented herein, the "law of the case" doctrine simply does not apply. To be sure, plaintiffs recognize that this is a different case than Adams. But plaintiffs believe that even if it was the same, the doctrine would be inapplicable. Plaintiffs contend that there is "new and different material evidence that was not presented in the prior action," that "intervening [changes] in controlling legal authority" have occurred as a result of the Supreme Court's decisions in Coke and Alvarez, and finally, that the prior decision in Adams is clearly incorrect and its preservation would work a "manifest injustice," if it were continued to be applied after Coke and Alvarez.

**5. STARE DECISIS DOES NOT APPLY.**

Defendant appears to contend that under the doctrine of stare decisis the decision of the Federal Circuit's panel in Adams is binding upon this Court in this case. However, it is well-settled

that "the doctrine of stare decisis applies to only legal issues and not issues of fact." Avenues in Leather v. United States, 423 F.3d 1326, 1331 (Fed. Cir. 2005). Thus, while stare decisis "makes each judgment a statement of the law, or precedent, binding in future cases, . . . [i]t deals only with law, as the facts of each case must be determined by the evidence adduced at trial. . . ." Mendenhall v. Cedar Rapids, Inc., 5 F.3d 1557, 1570 (Fed. Cir. 1993). Thus plaintiffs are fully entitled to the documents they seek both to make their factual and legal cases as well as to be able to distinguish this case from Adams on both facts and law.

Further, that the application of the doctrine of stare decisis is limited is reflected in a "Panel Discussion on Intra-Circuit Conflicts," which occurred in 2001 at the Third Bench and Bar Conference of the Federal Circuit Bar Association in which Federal Circuit Chief Judge Michel participated as a panelist. In the course of responding to a question, Chief Judge Michel stated the following:

> **Judge Michel** . . . We have a case, a predominant case about stare decisis and later panels being bound as Null, so sometimes people talk about the Rule of Null and en gros in the sort of first cut, a crude analysis, the Rule of Null is that later panels are bound by every decision of every earlier panel and that's right but it's not the end of the analysis. I would suggest to you that there are some subtler variations. So, let's call that Null 1 and I'm going to give you my personal version of Null 2, 3, and 4. These aren't real decisions but if you search around, I think you can find this in our precedent. Null 2 would be, if the later panel distinguishes, let's assume fairly, the apparently conflicting earlier decision, then the Rule of Null 1 does not apply. That is the second panel's decision can be different and it's legitimate. Null 3 would be where a Supreme Court case controls; it would trump the earlier panel so the later panel would be free to do what it did and it would be legitimate assuming that the analysis is fair and then Null 4, and this is the most controversial, and these are just my own ideas of course. Null 4 would be, if the earlier decision had no analysis, cited no authority, but just made a statement, a single sentence just declaring some proposition of law. The later panel has a lot more flexibility in that circumstance where

> it can provide principled reasons and can cite authority to go on a divergent path. So there are a lot more subtleties than just the iron law that the first case always trumps every later case. It's not that simple. [See 11 Fed. Cir. B.J. 623, 648-649 (2001).]

In this case plaintiffs argue that the law has changed on the basis of the Supreme Court's Coke and Alvarez and decisions so that Judge Michel's "Rule of Null 3" is applicable. Plaintiffs also contend that in any event the Adams decision was mistaken, that it does not "trump . . . every later case," and that it is inapplicable based upon the unique and distinct facts presented in this case. Thus plaintiffs submit that the discovery they seek is essential, and that defendant's motion for a protective order should be denied.

## CONCLUSION

Accordingly, plaintiffs request that the Court deny defendant's motion and allow discovery to proceed.

Respectfully submitted,

OF COUNSEL:
Linda Lipsett

**s/Jules Bernstein**
Jules Bernstein (Counsel of Record)
Bernstein & Lipsett, P.C.
1920 L Street, N.W., Suite 303
Washington, D.C. 20036
(202) 296-1798
(202) 296-7220 facsimile

Counsel of Record

**s/Edgar James**
James & Hoffman, P.C.
1101 17th Street, N.W., Suite 510
Washington, D.C. 20036
(202) 496-0500
(202) 496-0555 facsimile

Attorneys for Plaintiffs

Dated: May 1, 2008

**CERTIFICATE OF FILING**

I hereby certify under penalty of perjury that on this 1st day of May 2008, a copy of the foregoing "OPPOSITION TO DEFENDANT'S MOTION FOR A PROTECTIVE ORDER SUSPENDING DISCOVERY PENDING RESOLUTION OF DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

**s/Jules Bernstein**