# In the United States Court of Federal Claims

No. 07-003 C
(Filed: April 14, 2008)

| | |
|---|---|
| LINDA A. STOCUM, Plaintiff, | * |
| v. | * |
| THE UNITED STATES, Defendant. | * |

## ORDER

Before the court are Plaintiff's Motion for Leave to Conduct Discovery and accompanying exhibits, Defendant's Opposition to Plaintiff's Motion for Leave to Conduct Discovery, and Plaintiff's Response to Defendant's Opposition to Plaintiff's Motion for Leave to Conduct Discovery. In her motion, plaintiff seeks leave to conduct discovery on the issue of compensability under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201-219 (2000), for time spent driving between home and work in a government vehicle as a Diversion Investigator for the Drug Enforcement Administration. Plaintiff maintains that, "with the aid of discovery[,] she will be able to establish that . . . she qualifies for FLSA compensation for her home/work driving." Pl.'s Mot. Leave Conduct Disc. ("Pl.'s Mot.") 5.

Defendant opposes plaintiff's motion because "[c]laims identical to the home-to-work driving claims in this case, asserted by thousands of criminal investigators and other employees in various related positions, were previously adjudicated by this Court." Def.'s Opp'n Pl.'s Mot. Leave Conduct Disc. ("Def.'s Opp'n") 2. Defendant maintains that the remaining issues in this case "are the same" as those decided in Adams v. United States, 65 Fed. Cl. 217 (2005), aff'd, 471 F.3d 1321 (2006), reh'g and reh'g en banc denied, 219 Fed. App'x 993 (Fed. Cir. 2007), cert. denied, 128 S. Ct. 866 (2008), wherein the court entered summary judgment in favor of defendant, holding that the driving in question was not compensable work under the FLSA. Def.'s Opp'n 2. As a result, defendant argues that plaintiff "has stated no facts concerning the nature or purpose of her driving, much less facts indicating that her driving is in any material way different from the driving involved in Adams." Id. at 3; see also id. at 4 ("[Plaintiff] has offered no fact concerning the driving for which she seeks compensation, much less facts distinguishing her driving from the driving involved in Adams.").

BERNSTEIN EXHIBIT 3

Additionally, defendant maintains that discovery in this case is burdensome. Id. at 8. It suggests that plaintiff seeks the same type of documentation as was available to the plaintiffs in Adams and that, because plaintiff has not requested specific documents regarding government policies, requirements, or restrictions governing her driving, plaintiff "is merely fishing for the same kind of evidence that was developed in Adams[] in the hope that this evidence will somehow produce a different result than it did in Adams."[1] Id. at 6. Because it believes that plaintiff has not identified with any specificity the information she seeks, defendant argues that "discovery should be limited to specific facts as to which a need for discovery can be demonstrated, if such facts truly exist." Id. Moreover, defendant notes that plaintiff "will remain free to appeal" any adverse decision, though it acknowledges that the "denials of the . . . petitions in Adams indicate that even this prospect is extremely remote at best . . . ." Id. at 8.

Plaintiff emphasizes that in other cases pending before the court, namely Gonzalez, et al. v. United States, No. 07-790 C, the court has permitted discovery. Pl.'s Resp. Def.'s Opp'n Pl.'s Mot. Leave Conduct Disc. 1. Plaintiff argues that, while Adams may set legal precedent that is binding in future cases, the principle of stare decisis "'deals only with law, as the facts of each case must be determined by the evidence adduced at trial.'" Id. at 2 (quoting Mendenhall v. Cedar Rapids, Inc., 5 F.3d 1557, 1570 (Fed. Cir. 1993)). As such, plaintiff asserts that, because "the facts related to the home/work driving herein are different from those involved in Adams and that the records of defendant relating to such driving by plaintiff are necessary for her to establish that such driving constitutes time worked under FLSA," id. at 4, plaintiff "is fully entitled to the documents sought both to make her factual and legal case and to be able to distinguish this case from Adams on the law," id. at 2. With regard to defendant's contention that she remains free to seek appellate relief if unsuccessful in this court, plaintiff responds that, "without access to the documents plaintiff requires to present her case, her right to appeal will be an empty one." Id. at 4.

The court determines that plaintiff is entitled to engage in discovery in order to fully present the merits of her case. To that end, plaintiff may propound her First Request for Production of Documents, a draft of which plaintiff appended to her motion, see Pl.'s Ex. 3, in order "to support her home/work driving claims," Pl.'s Mot. 6. The court, however, takes no position as to the parties' arguments regarding the precedential effect of Adams or plaintiff's contention that Adams and Bobo v. United States, 136 F.3d 1465 (Fed. Cir. 1998), a case upon which the Federal Circuit relied in its decision in Adams, "have been severely undercut if not overruled" by decisions of the United States Supreme Court in 2005 and 2007.[2] Pl.'s Mot. 7.

---

[1] Defendant also states that the partial settlement agreement into which the parties entered does not suggest agreement by the government "to engage in purposeless discovery or other unnecessary litigation activities, or otherwise to pretend that legal questions resolved by Adams remained to be resolved here." Def.'s Opp'n 8 n.5.

[2] The two decisions cited by plaintiff are Long Island Care at Home, Ltd. v. Coke, 127 S. Ct. 2337 (2007) and IBP, Inc. v. Alvarez, 546 U.S. 21 (2005). Defendant notes that plaintiff's

**Accordingly, plaintiff's motion is GRANTED. The parties shall confer and file a joint status report, wherein they propose discovery deadlines for the production of documents requested by plaintiff in her First Request for Production of Documents as well as a briefing schedule for dispositive motions, no later than Friday, April 25, 2008.**

**IT IS SO ORDERED.**

s/ Margaret M. Sweeney
MARGARET M. SWEENEY
Judge

---

contention that these cases overruled Adams "is quite puzzling" with respect to IBP, Inc., which defendant notes "was decided prior to Adams and was discussed by the Federal Circuit in its opinion in Adams." Def.'s Opp'n 6. Nonetheless, defendant distinguishes IBP, Inc. by arguing that it "does not deal with home-to-work driving . . . ." Def.'s Opp'n 6 n.4.