IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ANDREW W. BREINER, et al. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 07-249C |
| | ) | (Judge Braden) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S REPLY TO PLAINTIFFS' OPPOSITION TO
DEFENDANT'S MOTION FOR A PROTECTIVE ORDER
SUSPENDING DISCOVERY PENDING RESOLUTION OF
DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS

Defendant, the United States, respectfully submits this reply in support of our motion to suspend discovery pending resolution of our motion for judgment on the pleadings.

INTRODUCTION

In our moving brief, we demonstrated that our pending motion for judgment on the pleadings, if granted, would dispose of plaintiffs' claims for compensation pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., for the time solely spent driving a Government vehicle between home and work; that suspension of discovery concerning claims pending resolution of our dispositive motion would be appropriate in order to avoid the burden and expense of engaging in potentially unnecessary discovery; that discovery would not produce information relevant to the resolution of the pending dispositive motion, which raises a purely legal issue and contains no factual assertions as to which plaintiffs can claim a need for discovery; that the only conceivable factual issue implicated by our motion is whether the home-to-work driving that plaintiffs performed is materially different from the driving involved in Adams v. United States, 471 F.3d 1321 (2006), cert. denied, 128 S.Ct. 866 (2008); Bobo v. United States, 136 F.3d 1465 (Fed. Cir. 1998); and that, if there were any such difference,

plaintiffs would necessarily know what it was, and would not require discovery to determine the nature and purpose of their own activities.

In their response, plaintiffs fail to demonstrate a need for discovery. Instead, plaintiffs assert that our objection to discovery has been rendered moot by decisions in certain other cases, requiring defendant to produce the same documents sought here. If, however, plaintiffs in this case seek nothing more than the documents their attorneys will receive in any event in the referenced other cases, then the purported need for discovery in this case is itself moot. If plaintiffs in this case desire discovery that is not redundant, then our opposition to discovery is not moot.

Plaintiffs also assert that discovery here will demonstrate that the facts here differ materially from those in Adams. Plaintiffs fail to explain, however, how discovery will demonstrate this, nor do they even disclose what they believe to be the differences between the facts in this case and in Adams.

Plaintiffs also argue that the law governing the compensability of home-to-work driving under the FLSA has changed. The cases that plaintiffs cite as reflecting this change are fully consistent with Adams, and do not reflect any change in the law that was applied in Adams. Further, this argument pertains to the substantive legal issues raised in our pending dispositive motion, not to whether discovery is warranted. The same is true of plaintiffs' assertion that stare decisis does not apply. As for plaintiffs' assertion that the "law of the case" doctrine does not apply here, we never asserted that it did; we did not even mention it. Plaintiffs appear to have raised this doctrine for the sole purpose of establishing its irrelevance. What plaintiffs have failed to establish is the one thing that is pertinent: a reason why the Government should be

burdened with discovery concerning plaintiffs' home-to-work driving claim during the pendency of our dispositive motion concerning that claim.

ARGUMENT

I. Our Opposition To Discovery In This Case Is Not Moot

Plaintiffs' primary argument is that our objection to discovery has been rendered moot by the fact that, in several other cases involving similar discovery concerning similar claims, the Court has permitted discovery to proceed. To the extent , however, that any of the documents or information sought by plaintiffs here are identical to that which we may be required to provide in the referenced other cases, the purported need for discovery has likewise been rendered moot. To the extent that what plaintiffs have sought or will seek in this case is not identical to what may be provided in the other cases, our objection to discovery is not moot.

Further, although the discovery sought by plaintiffs to date in this case and the referenced other cases includes requests for certain categories of documents that are common to all of these cases, these requests also seek documents that are specific to the named plaintiffs. In this respect, the discovery burdens involved differ greatly. In one of the three cases cited, Gonzalez v. United States, No. 07-790C, there are only two plaintiffs.[1] There is only one plaintiff in each of the other two cases, Hamilton v. United States, No. 06-680C , and Stocum v. United States, No. 07-003C. In the instant case, however, there are 21 plaintiffs. The Government's discovery

[1] The cited order in Gonzalez was not issued upon the basis of any motion or briefing, or upon consideration of any written objections; it was issued only three days after the discovery request was served, pursuant to a telephonic status conference. See Exhibit 1 to Declaration of Jules Bernstein, attached to plaintiffs' opposition to our motion to suspend discovery.

burden in this case should not be governed by rulings issued by other judges in other cases, especially other cases with far fewer plaintiffs.

If plaintiffs intend to limit discovery here to what will be produced in any event in the other three cases – as suggested by plaintiffs' statement that our opposition to discovery here "is moot since the documents presently sought in this case will have been produced by defendant in Gonzalez, Hamilton and Stocum . . . ," Plaintiffs' Opposition 3 – then the question of staying discovery here is indeed moot, as is plaintiffs' discovery request itself. But, if plaintiffs seek documents other than what will have been produced in those three cases, or intend to take any other discovery in this case concerning the home-to-work driving issue, then those cases do not detract from the appropriateness of suspending discovery in this case.

Nor should the decisions in those three cases be taken as persuasive precedent concerning whether discovery should proceed in this case. Indeed, those decisions do not represent a unanimous view of even the few judges of this Court who have addressed whether discovery should proceed in cases involving other plaintiffs asserting the same home-to-work driving claims. Thus, in an order issued on March 28, 2008, in Grush v. United States, No. 07-232C (attached), Chief Judge Damich stated: "The Court finds that it would be most efficient to consider Defendant's argument for dismissal first, before the parties begin discovery. If this issue is not resolved on a motion to dismiss, a schedule for discovery will be determined." The course described in the latter order is particularly appropriate here, where a dispositive motion is already pending.

II. Plaintiffs Fail To Identify Any Material Issues Of Fact As To Which Discovery Might Be Appropriate In Light Of Adams

Plaintiffs have offered no fact concerning the driving for which they seek compensation, much less facts distinguishing their driving from the driving involved in Adams. Nevertheless, plaintiffs assert that "discovery will demonstrate that the facts involved herein differ significantly and materially from those presented in the Adams case," Plaintiffs' Opposition 1, and that "with the aid of discovery they will be able to prove that their driving between home and work in Government vehicles is compensable under FLSA." Id. at 3. In support of this assertion, plaintiffs cite two FLSA regulations, 5 C.F.R. §§ 551.401, 551.422, which they interpret in a manner that was rejected by this Court in Adams, 65 Fed. Cl. at 239-40,[2] and proceed to argue that "with the aid of discovery they will be able to establish that under the foregoing OPM regulations they qualify for FLSA compensation for their home/work driving." Plaintiffs' Opposition 4. However, for plaintiffs to prove that they would be entitled to compensation under an interpretation of the referenced regulations that was rejected in Adams can accomplish no more for them than it did for the plaintiffs in Adams. Nor do these regulations, even under plaintiffs' own interpretation, have anything to do with whether their driving is distinguishable from the driving involved in Adams or whether discovery concerning this issue is necessary or appropriate.

Plaintiffs offer nothing more concerning their purported need for discovery, other than a description of the categories of documents that they have requested. But, if this description is an

[2] The Federal Circuit in Adams did not expressly discuss these regulations, but the reasoning and conclusions contained in the Federal Circuit's opinion impliedly reject the plaintiffs' interpretation of these regulations.

indication of the kinds of facts they expect to prove, it demonstrates an intent merely to prove the same facts that the plaintiffs in Adams proved, and that led to summary judgment being entered in the Government's favor. The proposed requests would seek documents concerning matters such as agency instructions concerning Government vehicles, equipment transported by Diversion Investigators in their vehicles, misuse of vehicles, Federal income tax treatment of the value of commuting in Government vehicles, and accidents in such vehicles. Plaintiffs' Opposition 4-5. The plaintiffs in Adams offered evidence of Government policies and requirements concerning these matters, but, to the extent that any of these matters were even ostensibly material, the Court found that the cited policies and requirements did not indicate home-to-work driving in Government vehicles to constitute compensable work under the FLSA. See, e.g., 65 Fed. Cl. at 240-41; 471 F.3d at 1323.

Further, if there were any Government policies, requirements, or restrictions governing plaintiffs' driving that differed materially from those affecting the driving performed by the plaintiffs in Adams, plaintiffs would know what they were, and would be able to identify them and request documents specifically relating to them.[3] The fact that plaintiffs have not done so suggests that they are merely fishing for the same kind of evidence that was developed in Adams, in the hope that this evidence will somehow produce a different result than it did in Adams. In any event, whatever purpose discovery might serve, plaintiffs have utterly failed to explain in what way discovery is necessary or even suitable for the purpose of establishing

---

[3] Although not all of the evidence presented to the Court in Adams is expressly discussed in the opinions of this Court and of the Federal Circuit in that case, all of this evidence, as well as any evidence that plaintiffs' counsel in that case may have developed but not offered, is available to plaintiff in this case, because the plaintiffs in Adams and in this case are represented by the same counsel.

material differences between the home-to-work driving involved here and in Adams. Absent such differences, the result here must be the same as it was in Adams, regardless of the outcome of discovery, for the reasons stated in our pending dispositive motion.

III. The Applicable Law Has Not Changed Since Adams

Plaintiffs asserts that,

> whatever may be said regarding the panel's conclusion in Adams that the home/work driving involved there was not FLSA compensable, Adams has been severely undercut if not overruled by the Supreme Court's decisions in Long Island Care At Home, Ltd. v. Coke, 127 S. Ct. 2339 (2007), ("Coke"), and IBP, Inc. v. Alvarez, 546 U.S. 21 (2005), ("Alvarez").

Plaintiffs' Opposition 6. This assertion, as it relates to Alvarez, is absurd on its face, since Alvarez was decided prior to the Federal Circuit's decision in Adams, and was discussed in that decision. 471 F.3d at 1325. Plaintiffs may not agree with the Federal Circuit's reading of Alvarez, but this does not make the Federal Circuit's decision any less binding here.[4]

Coke was decided after Adams, but, like Alvarez, it is not in any way inconsistent with Adams. As plaintiffs acknowledge, the Supreme Court in Coke ruled against the plaintiff employees, holding that they were exempt from the FLSA under the regulations of the Department of Labor ("DOL"). In an effort to stretch Coke into the shape of a post-Adams change in the law, plaintiffs seize upon the Supreme Court's holding that "the courts were obligated to defer to the applicable DOL regulations which declared such employees to be FLSA exempt," Plaintiffs' Opposition 6-7, proceed to argue that "just as was the case in Coke, this Court is obligated to defer to OPM's regulations and they will require it to declare plaintiffs'

[4] Alvarez does not deal with home-to-work driving, nor does its reasoning lend support to the notion that plaintiffs' home-to-work driving is compensable under the FLSA. If anything, it confirms the opposite. See Alvarez, 546 U.S. at 40-41.

home/work driving compensable under FLSA," id. at 7, and then state that "[i]n Adams the Federal Circuit's panel did not defer to, nor even consider, the provisions of OPM's regulations relating to time worked referred to above." Id. at 8, n.2. This argument, however, has nothing to do with any change in the law, but is rather a repetition of the unsuccessful argument of the Adams plaintiffs that home-to-work driving is compensable under 5 C.F.R. §§ 551.401, 551.422. Nor did Adams involve a failure to defer to these regulations; rather, it involved a refusal to read into the regulations the meaning that the Adams plaintiffs urged. As we have demonstrated, plaintiffs' interpretation of these regulations was specifically discussed and rejected by this Court in Adams. 65 Fed. Cl. at 239-40. The fact that the Federal Circuit did not also expressly discuss these regulations does not signify anything more than that the panel simply did not view this interpretation as warranting discussion.

Finally, plaintiffs' argument that the law has changed pertains to the substantive legal issues raised in our pending dispositive motion, and, even as to those issues, it is essentially an argument for overruling the Federal Circuit's decision in Adams. As such, the argument is not properly addressed to this Court. Nor is it relevant to whether the Government should be burdened with discovery while its dispositive motion is pending.

## IV. Plaintiffs' Arguments Concerning Stare Decisis And The Law Of The Case Doctrine Are Beside The Point

Like plaintiffs' argument that the applicable law has changed, plaintiffs' argument that the principle of stare decisis and the law of the case doctrine do not apply here are beside the point. As for the law of the case doctrine, it was raised in this case by plaintiffs, not the Government, and plaintiffs appear to have raised this doctrine for the sole purpose of establishing its irrelevance. Nor have we raised stare decisis, other than to point out, in our

dispositive motion, that this Court is bound by the legal precedent established by the decisions of the Federal Circuit, including, for purposes of this case, Adams and Bobo. Concerning the latter principle, the gist of plaintiffs' argument appears to be that (1) Federal Circuit precedent is binding as to the law, not the facts; (2) stare decisis does not require a court to follow its prior decisions when those decisions can be distinguished or shown to be clearly wrong; and (3) the Federal Circuit's holding in Adams is distinguishable and/or wrong.

None of these points, however, is pertinent to the question whether discovery should proceed at this time. In responding to our dispositive motion, plaintiffs are free to demonstrate, if they possess a basis upon which to do so, that there are material factual differences between the home-to-work driving upon which their claims are based and the home-to-work driving involved in Adams. Should this Court find that there are no material differences and dismiss plaintiffs' claims based upon Adams, plaintiffs are free to appeal and to argue to the Federal Circuit that Adams was wrongly decided and should be overruled. But, whatever plaintiffs believe the law ought to be, there can be no dispute that the law established in Adams is presently binding in this Court. Therefore, for plaintiffs to take discovery merely to prove a set of facts which are not materially different from those in Adams would be a waste of time and resources. Proving such facts cannot properly bring about a judgment different from the judgment in Adams. And, since plaintiffs have failed to identify any facts that they believe distinguish their home-to-work driving from the driving involved in Adams, it is apparent that the facts they seek to develop through discovery are indeed facts that will not be material to this Court's disposition of this case. Such discovery is a pointless burden, and should not be allowed to proceed.

CONCLUSION

For the foregoing reasons, and for the reasons stated in our moving brief, defendant's motion for suspension of discovery should be granted.

Respectfully submitted,

GREGORY G. KATSAS
Acting Assistant Attorney General

**s/Todd M. Hughes**
TODD M. HUGHES
Deputy Director

**Filed electronically**

**s/Shalom Brilliant**
SHALOM BRILLIANT
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Telephone: (202) 616-8275
Facsimile: (202) 305-7643

Attorneys for Defendant

OF COUNSEL:
Michael J. Dierberg
William P. Rayel
Trial Attorneys
Commercial Litigation Branch
Civil Division
Department of Justice

May 6, 2008

**ATTACHMENT**

# In the United States Court of Federal Claims

No. 07-232 C

(Filed: March 28, 2008)

**********************************
**CHRISTOPHER J. GRUSH,** *
*
Plaintiff, *
*
v. *
*
**THE UNITED STATES,** *
*
Defendant. *
*
**********************************

## ORDER

This FLSA case has been stayed for approximately six months because the issue of "compensat[ion] for driving a Government-owned vehicle" to and from work "was the subject of a decision relating to a different group of plaintiffs" in *Adams v. United States*, 471 F.3d 1321 (Fed. Cir. 2006). Mot. for Stay of Proceedings at 2. The Court granted the parties' joint motion to stay the case on August 2, 2007, on the parties' suggestion that "defer[ring] litigation of this issue pending the outcome of the petition for a writ of *certiorari* in *Adams*" would be efficient. *Id.* The parties informed the Court that there was a "substantial likelihood" that the remainder of Plaintiff's claims would be settled. *Id.*

On January 7, 2008, the petition for certiorari in *Adams* was denied. The parties filed a joint status report on January 17, 2008, which stated merely that "Plaintiffs are considering what further action to take at this time." On February 22, 2008, the parties filed the present joint status report, indicating that they had settled none of Plaintiff's claims. In this report, the parties propose to continue to negotiate a settlement for all claims, except Plaintiff's back pay claim for driving to and from work in a Government vehicle, which was the related subject of *Adams*. Now, the parties anticipate resolving the issue through dispositive motions. In this latest report, Plaintiff contends that additional discovery "may be" necessary to resolve his driving claim. Defendant counters that discovery is both unnecessary and an undue burden, and that the claim should be dismissed under *Adams* as a matter of law, for *Adams* controls.

Based on the parties' request to stay proceedings, *Adams* seems to be a pertinent case. In *Adams*, the Federal Circuit held that a federal law enforcement officer's commutes were

**ATTACHMENT**

"noncompensable [because] the labor beyond the mere act of driving the vehicle is *de minimis*." *Adams*, 471 F.3d at 1328. The Court finds that it would be most efficient to consider Defendant's argument for dismissal first, before the parties begin discovery. If this issue is not resolved on a motion to dismiss, a schedule for discovery will be determined. Defendant is therefore ORDERED to file its dispositive motion on the driving claim on or before **May 12, 2008**.

The Court further ORDERS the parties to file a joint status report on or before **April 28, 2008**. The joint status report shall include (1) an indication of whether a settlement agreement has been reached on all or any of Plaintiff's additional claims, and, if not, (2) a description of all settlement activities that have taken place.

s/ Edward J. Damich
EDWARD J. DAMICH
Chief Judge

**ATTACHMENT**

CERTIFICATE OF FILING

I hereby certify that on the 6th day of May, 2008, a copy of the foregoing "DEFENDANT'S REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR A PROTECTIVE ORDER SUSPENDING DISCOVERY PENDING RESOLUTION OF DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS," was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

**s/Shalom Brilliant**